James A. Murphy and Thomas J. Hamilton, trading as Murphy & Hamilton, *v.* The Liberty National Bank, Appellant.

[Marked to be reported.]

*Contract—Building contract—Affidavit of defense.*

In an action to recover the final payment alleged to be due upon a building contract, it appeared that the building was to be finished to the satisfaction of the owners and their architect, and that the plaintiffs were to so complete and deliver the building that the owner would not be liable beyond a sum specified. A per diem penalty was provided for delay. The plaintiffs' claim in the suit was under the contract for the whole contract price, and for extra work besides. The statement of claim admitted that a very important part of the work done by the plaintiffs was rejected by the architect, and was done by other parties; but asserted that this

was due to a mistake of the architect. The statement also made claim for extra work in contravention of the express terms of the contract. The statement admitted that there was a considerable delay in finishing the building, but alleged that this delay was owing to the defendant's conduct. An affidavit of defense was filed averring that the building had not been finished to the satisfaction of the architect and owner; that liens had been filed against it; that a heavy penalty had accrued against plaintiffs by reason of delay, and that only a certain sum specified which was much less than the amount claimed by plaintiffs was due for extra work. *Held,* that as it appears by plaintiffs' statement that they did not perform all of the work, and did not finish it " to the satisfaction of the owners and architect," and that there are active elements of dispute between the parties, the affidavit, while not very specific, was sufficient to prevent judgment.

Argued Oct. 27, 1896. Appeal, No. 43, Oct. T., 1896, by defendant, from order of C. P. No. 1, Allegheny Co., Dec. T., 1895, No. 371, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Rule for judgment for want of sufficient affidavit of defense. Before COLLIER, J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in making absolute a rule for judgment for want of a sufficient affidavit of defense.

*M. W. Acheson, Jr.,* with him *Geo. C. Wilson* and *Wm. D. Evans,* for appellant.

*E. G. Ferguson,* with him *J. S. Ferguson,* for appellees.

OPINION BY MR. JUSTICE GREEN, January 4, 1897 :

The claim of the plaintiffs is founded upon a written and sealed contract for the entire erection by the plaintiffs for the defendant, of a bank building in the east end of the city of Pittsburg, for the round sum of $50,000. The contractors were to furnish everything, all the materials and all the labor of every kind, and they were to perform the contract, "under the direction and supervision, and to the satisfaction of F. J. Osterling, architect, and the building committee (acting in behalf of said owner)." One of the sections of the agreement, the 10th, pro-

vided that the payments should be made in various sums, and at the completion of various stages of the structure, the last of which was thus described. "Eighth payment when entirely completed to the satisfaction of the owners and architect— $10,000."

In the plaintiffs' statement of claim it is asserted that while they aver that they furnished material of the kind and quality provided for in the plans and specifications, and did their work in good and workmanlike manner, "yet owing to an error in the judgment of the architect for the erection of said building in preparing plans and specifications for the erection thereof, the iron beams and their supports called for by the plans and specifications, used to support all the fireproofing, were too light and not sufficient to bear the weight of the said several floors, and that by reason thereof portions of said floors fell in, and in order to prevent the balance thereof from falling in, claimants, by order of said architect, proceeded to and did tear out and remove so much of the fireproofing above the first floor as had not then fallen in. That said architect in order to remedy the trouble caused by his error, without the consent or approval of, and in the face of the direct opposition on the part of claimants, made a separate contract for the placing of the fireproofing in said building, and the fireproofing placed in said building by said architect under said contract was not of the kind and character provided for in the plans and specifications for the erection of the said building, the building committee for the erection of said building and the architect having previously selected and approved fireproofing of the kind and character put in by claimants. And claimants further aver that the act of the architect in making said contract for putting in fireproofing to take the place of that which had fallen down, or been taken down by the claimants, for the causes aforesaid, was not justifiable, and not in accordance with the contract for the erection of said building or the specifications, and was wholly unwarranted." The statement further avers that the claimants were prevented by these actions of the architect and building committee from completing the building at the time specified in the contract, to wit, by January 1, 1895, ready for occupancy, and entirely by March 1, following, and that they did finish it by May 27, following, and concludes as follows: "That their fail-

ure to complete the same at the time provided for by said contract was occasioned by the causes hereinbefore recited, and by the unwarranted act of the architect as aforesaid. They therefore aver that they are not bound by the provisions of said contract as to the time of completion of said building." The contract is made part of the plaintiffs' statement, and also a bill of particulars, in which, as well as in the statement, they make a claim for $1,565.85 of extra work, of which they assert $625.06 was occasioned " by the error of the architect hereinbefore mentioned." The seventh article of the contract provides that the claimants shall make no claim for additional or extra work unless it shall be done in pursuance of a written order from the architect, and notice of all claims shall be made to the architect in writing within ten days of the beginning of such work. The fifth section of the contract provides a penalty of $20.00 per day for every day's delay in finishing the work, after the time specified in the contract.

All of the foregoing appears in the plaintiffs' statement of claim, and the active elements of serious disputes between the parties are at once apparent before the filing of any affidavit of defense. It is of course manifest that the work was not prosecuted, and was never finished by the plaintiffs, " to the satisfaction of the owners and architect," and the title to the last payment of $10,000 is immediately called in question. A claim for the penalty of $20.00 per day for the delay would necessarily be made, and in fact was made, by defendant, and the plaintiffs' claim for extra work, being in contravention of the words of the contract, would necessarily require proof of facts extrinsic to the contract to sustain it in any point of view. The statement having also alleged that the architect erred in his judgment as to the fireproofing, and ordered that which was put in by the plaintiffs to be taken down, and thereupon made another contract with other parties to put in other fireproofing, which was furnished by such other parties, at once and by the most necessary consequence develops not merely a serious controversy as to disputed facts, but puts the burden of proving the correctness of the plaintiffs' claim upon them, as it would depend entirely upon the adequacy of their affirmative proof in support of their allegations of fact, and upon their legal sufficiency, to operate so as to defeat the explicit language of the contract

which required everything to be done by the direction and under the supervision of the architect, and to the satisfaction of the architect and the building committee.   It is highly questionable whether under the old system of pleading any affidavit of defense would be necessary to prevent judgment under such a statement of claim.   The whole fireproofing part of the work, a most serious item in the erection of such a building, is taken out of the operation of the contract by the express allegations contained in the plaintiffs' statement, because it is there specifically averred that the fireproofing first put in by them fell down, and the whole of it was taken out and other fireproofing was put in by outside parties, under another contract made by the architect.   Granting that the plaintiffs' claim in this respect is correct, it most certainly must be established by proof of the necessary facts to sustain it, and all of such proof must necessarily be dehors the contract.   The plaintiffs' claim is under the contract, for the whole contract price, and for extra work besides, and yet their statement admits, indeed asserts, that a very important part of the work done by them was rejected by the architect, and was furnished by other parties, and that they have quite a serious claim for extra work in contravention of the express terms of the contract.   They also admit and declare that they did not finish the building until long after it was to be finished according to the positive terms of the contract, and thereby exhibit an apparent right in the defendant to claim the payment of the penalty.   How can any court determine the right and justice of the plaintiffs' claim for a judgment for the whole amount of the contract price, and the claim for extra work, upon the mere inspection of the plaintiffs' statement?   It is not possible because the determination of their claim does not depend alone upon the terms of the contract.   It requires the help of supporting proof of facts outside of the contract.   A very mild affidavit of defense is all that is needed to carry such a case to the jury.   The affidavit of defense filed in this case, while it might have been somewhat more specific than it is as to some matters, for instance, as to liens filed by other parties, is quite sufficient for the purpose heretofore indicated.   It positively avers that the plaintiffs "failed, omitted, neglected and refused to perform and finish said building according to the express terms and provisions in said contract set forth, and did especially fail, omit, neglect and

refuse to perform said contract and finish said building under the direction and supervision, and to the satisfaction of F. J. Osterling, architect, and the building committee, acting in behalf of the owner." As this same matter had been affirmatively set forth in the plaintiffs' statement, with a special detail of the particular facts as to one important matter, a repetition of these details was not necessary, as it might have been had there been nothing said about it in the statement of claim. The allegation that the building was to be furnished to the defendant free and discharged of all liens and encumbrances, while there is no express condition of that kind in the agreement, yet it does assert that the legal duty of the plaintiffs was to so complete and deliver the building as that the owner would not be liable beyond the sum of $50,000, as the cost of the building as between the defendant and the plaintiffs. When the affidavit of defense further avers that the building had not yet been completed when the affidavit was made, and was still subject to claims for work done and materials furnished for its construction, and that liens amounting to $9,000 had been filed against it, and that upon information, other liens were yet to be filed, we think there was a sufficient averment to prevent judgment for the whole $50,000. The claim for the penalty is fully set out in the affidavit, and a specific claim for $2,440 for one hundred and twenty-two days delay is expressly stated. The affidavit further alleges that the architect had only allowed the plaintiffs $522.38 for extras, and asserted that the plaintiffs' total claim was, therefore, $50,522.38, and thereby disputed the claim of $1,565.85 for extras set up in the plaintiffs' statement. It would have been more suitable to specifically deny the correctness of the plaintiffs' claim for extras, except the amount allowed, but we do not think the plaintiffs would be entitled to judgment for their whole claim, or for the difference between that sum and the amount allowed, as their title to have judgment at all would depend upon affirmative proof that they could have any such judgment without the allowance of the architect under the terms of the contract. Without going into more minute details we think, in view of the peculiar character of the plaintiffs' claim, and of the matters of disputed fact which appear upon the face of the statement, it would be necessary to submit the case to a jury to determine the essential matters in

controversy. For that purpose we think the affidavit of defense is sufficient in connection with the matters of dispute which are apparent upon the statement. These views render it unnecessary to consider the other subjects of contention appearing in the paper-books.

Judgment reversed and procedendo awarded.